Filed 11/19/20  Regueiro v. FCA US, LLC CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| FRANCISCO REGUEIRO, et al., | B301772 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC620823) |
| v. | |
| FCA US, LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed.

Hawkins Parnell & Young and Ryan K. Marden for Defendant and Appellant.

Knight Law Group, Steve Mikhov, Roger Kirnos, Amy Morse; Wirtz Law, Richard M. Wirtz; Greines, Martin, Stein & Richland, Cynthia E. Tobisman and Marc J. Poster for Plaintiffs and Respondents.

————————————

Defendant FCA US, LLC (FCA) appeals the trial court's award of attorney fees to the prevailing plaintiffs in their action under the Song-Beverly Consumer Warranty Act (Song-Beverly Act), pursuant to Civil Code section 1794, subdivision (d). FCA contends the trial court erred by awarding attorney fees incurred by the plaintiffs after FCA made its initial settlement offer, because this initial offer was greater than the amount ultimately recovered by the plaintiffs at trial. We have jurisdiction under Code of Civil Procedure section 904.1, subdivision (a)(1). We affirm.

## BACKGROUND

On or around September 17, 2011, plaintiffs Francisco and Elizabeth Regueiro purchased a new 2011 Jeep Grand Cherokee manufactured by FCA from Cerritos Dodge, Inc., a local automotive dealer. Subsequent to this purchase, the Regueiros experienced problems with the vehicle that they attributed to defects in the power module with which the vehicle was equipped.

On May 18, 2016, the Regueiros filed this action against FCA. The complaint alleged theories of (a) breach of express warranty in violation of the Song-Beverly Act, (b) breach of implied warranty in violation of the Song-Beverly Act, and (c) fraudulent inducement/concealment. The case was tried, and on April 5, 2019, the jury returned a verdict of $25,586.90 in favor of the Regueiros based on the implied warranty claim. The jury returned defense verdicts on the express warranty and fraud claims.

During the pendency of the litigation, FCA served three successive offers to compromise under section 998 of the Code of Civil Procedure (section 998). The first, dated June 13, 2016, offered the Regueiros $50,000 in exchange for dismissal of the

2

action with prejudice and the return of the vehicle.  On October 25, 2017, FCA made a second offer increasing the amount offered to $92,695.  On May 25, 2018, FCA served a third offer with a proposed settlement amount of $141,000.

Following the jury verdict, counsel for the Regueiros filed a motion for attorney fees under the Song-Beverly Act, citing Civil Code section 1794, subdivision (d).  The request was for $362,467.50 in base fees along with a "lodestar" enhancement of $181,233.75, for a total of $543,701.25.

FCA opposed the Regueiros' fee request on several grounds.  Of relevance to this appeal, it argued that attorney fees accrued by the Regueiros after the initial section 998 offer were not "reasonably incurred" within the meaning of Civil Code section 1794, subdivision (d).

In a written ruling, the trial court concluded that section 998 applied to the Regueiros' recovery of *costs* in the action.  The trial court found the initial June 13, 2016, section 998 offer by FCA was valid and operative.  Applying section 998 to the case, the trial court found the plaintiffs' verdict of $25,586.90 was less favorable than the $50,000 offered by FCA.  Accordingly, the trial court found the Regueiros were not entitled to recover their costs incurred after June 13, 2016, by reason of section 998.  This portion of the trial court's ruling is not challenged on appeal.

The trial court applied the Song-Beverly Act to award attorney fees of $83,000 to the Regueiros, employing the lodestar approach to determine the amount of fees reasonably incurred.

This appeal followed.

## DISCUSSION

FCA does not contest the application of the Song-Beverly Act's attorney fees provision, but notes the Act limits recovery to

3

the fees reasonably incurred. (Civ. Code, § 1794, subd. (d).[1]) It raises a limited issue on appeal, arguing that the trial court abused its discretion by awarding attorney fees incurred after the Regueiros rejected FCA's June 13, 2016, section 998 offer. [2]

We review an award of attorney fees under the Song-Beverly Act for abuse of discretion, applying a presumption that the trial court's award of attorney fees is correct. (*Etcheson v. FCA US LLC* (2018) 30 Cal.App.5th 831, 840.)

In its ruling on the request for attorney fees, the trial court noted that the bulk of the case had to do with efforts to prove the cause of certain defects, the fraud cause of action, and the claim for punitive damages, all of which were resolved in favor of FCA. The trial court accordingly computed what it considered reasonable time and hourly rates associated with the implied warranty claim on which the Regueiros were successful. The court awarded $27,000 for trial time and $56,000 for pretrial and posttrial motion practice, for a total of $83,000. In doing so, the court reasoned that it was "clear that this case went to trial

---

[1] Civil Code section 1794, subdivision (d), provides: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

[2] On appeal, the Regueiros contend the record designated by FCA is inadequate. On our review of the notice designating the record on appeal, we determined that the Clerk's Transcript did not include all of the documents that were designated, and ordered the record augmented with the missing documents.

4

based on plaintiffs' belief that they would prevail on the Song-Beverly cause of action, for which civil penalties are available." The trial court reached this conclusion because the Regueiros "rejected offers that would have compensated them for the damages that could have been reasonably obtained for the implied warranty" claim.

The trial court did not specifically state its reasons for failing to limit the award of attorney fees to those fees incurred prior to the initial section 998 offer. Nonetheless, its ruling clearly shows the court was aware of the impact of the Regueiros' rejection of the section 998 offers on its award of costs. In considering the request for attorney fees, the trial court recognized the Regueiros pressed forward to trial despite the section 998 offers because they believed they would prevail and obtain civil penalties. Therefore, to the extent FCA contends the trial court failed to consider the impact of the section 998 offer in awarding attorney fees, the record does not support its position.

FCA also argues the trial court erred by failing to limit the fee award to the fees incurred as of the time of its initial section 998 offer. We do not agree. The case law examining this issue has failed to adopt such a bright line rule, and instead indicates that a trial court must consider all the circumstances of the individual case to determine if the plaintiff acted reasonably in pursuing litigation after rejecting a section 998 settlement offer. (See *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 471 [affirming award of fees incurred after the plaintiff's reasonable rejection of § 998 offer]; see also *Etcheson v. FCA US LLC, supra,* 30 Cal.App.5th at p. 840 [reversing fee award that was limited to fees incurred up to tender of a § 998 offer, where the plaintiff acted reasonably in rejecting the offer]; *McKenzie v.*

5

*Ford Motor Co.* (2015) 238 Cal.App.4th 695, 708 [reversing denial of fees incurred following rejection of § 998 offer, where the plaintiff acted reasonably in rejecting the offer].) The cases do not say that a trial court cannot take the section 998 history into account as part of its analysis of the fees "reasonably incurred." However, the statutory language of section 998 does not on its face *mandate* the cessation of fees in the same manner as costs, and FCA has directed us to no authority specifically applying section 998 in this manner.

The trial court's failure to cut off all fee recovery as of the date of the first section 998 offer by FCA was not error, and the fees awarded do not represent an abuse of discretion.

## DISPOSITION

The order awarding attorney fees to plaintiffs is affirmed. The Regueiros shall recover their costs on appeal.

NOT TO BE PUBLISHED

FEDERMAN, J.*

We concur:

ROTHSCHILD, P. J.        CHANEY, J.

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.